IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Faye Wright, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| Capital Management Services, LP, a ) | 1 : 07 -cv- 1 1 4 2 -DFH -WTL |
| Delaware limited partnership and West ) | |
| Asset Management, Inc., a Delaware ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Faye Wright, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendants' debt collection actions violate the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

3. Plaintiff, Faye Wright ("Wright"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Bank One, but now allegedly owed to West Asset Management.

4. Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana, and was acting as a debt collector as to the delinquent consumer debt it attempted to collect for Defendant West from Ms. Wright.

5. Defendant, West Asset Management, Inc. ("West"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, West was acting as a debt collector as to the debt it attempted to collect, through Defendant CMS from Ms. Wright.

6. Defendant West is a debt scavenger that specializes in buying vast portfolios of delinquent consumer debts for which it pays pennies on the dollar. The debts West buys are often so old that they are beyond the statute of limitations, and often West has no documentary proof to support the validity of the debt -- a type of debt the media has recently termed "Zombie Debt". West then tries to collect these debts either directly, or indirectly through other debt collectors like Defendant CMS.

## FACTUAL ALLEGATIONS

7. On August 24, 2005, Ms. Wright and her husband filed a Chapter 13 bankruptcy petition styled In re: Wright, No. 05-16805-JKC-13. Among the debts listed on Schedule F of Mrs. Wright's bankruptcy petition was a debt she allegedly owed to Bank One. See, excerpt of bankruptcy petition attached as Exhibit A.

2

8.      On September 9, 2005, Bank One was sent notice of the bankruptcy by the bankruptcy court, via U.S. Mail, see, the Certificates of Service to the Notice of Filing of Chapter 13 Plan and the Chapter 13 Plan, which are attached as Exhibits B and C respectively.

9.      On December 5, 2005, Ms. Wright amended her bankruptcy. Accordingly, Bank One was again sent notice by the bankruptcy court of Ms. Wright's bankruptcy, on December 8, 2005, via U.S. Mail, see, the Certificate of Service to the Notice of Amended Plan, which is attached as Exhibit D.

10.     On January 25, 2006, Ms. Wright's bankruptcy was dismissed; however, on January 26, 2006, Mrs. Wright's bankruptcy was reinstated. Accordingly, on February 4, 2006, Bank One was again sent notice of the bankruptcy by the bankruptcy court, via U.S. Mail, see, Certificate of Service to Order Reinstating Bankruptcy Case and Notice of Reappointment of Trustee, which is attached as Exhibit E.

11.     On March 15, 2006, and April 11, 2006, Ms. Wright further amended her bankruptcy and accordingly, on March 17, 2007 and April 14, 2007, Bank One was sent notice by the bankruptcy court, via U.S. Mail, see, the Certificates of Service to the Notices of Amended Plan, which are attached as Exhibits F and G respectively.

12.     Nonetheless, at some point in time during her bankruptcy, Ms. Wright's Bank One account was purchased by Defendant West, which then hired Defendant CMS to demand payment from Ms. Wright. Accordingly, on June 24, 2007, Defendant CMS sent Ms. Wright a collection letter demanding payment of the Bank One debt on behalf of West. A copy of this collection letter is attached as Exhibit H.

3

13. On August 17, 2007, one of Ms. Wright's attorney's spoke with one of CMS's debt collectors, "Mike Mrkall", to tell CMS to stop its illegal collection actions. CMS's debt collector confirmed that CMS had knowledge of Ms. Wright's bankruptcy, but that CMS was still demanding payment of the debt because Ms. Wright's credit report allegedly indicated that the bankruptcy had been dismissed. Ms. Wright's attorney told the debt collector that CMS was wrong and that all collection actions must cease. A copy of the facsimile confirming the conversation is attached as Exhibit I.

14. All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

16. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

17. Attempting to collect a debt that is not owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

18. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## PRAYER FOR RELIEF

Plaintiff, Faye Wright, prays that this Court:

1.  Declare that Defendants' debt collection actions violated the FDCPA;

2.  Enter judgment in favor of Plaintiff Wright, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Faye Wright, demands trial by jury.

Faye Wright,

By: _____
One of Plaintiff's Attorneys

Dated: September 10, 2007

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Bonnie C. Dragotto   (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)